UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DEMETRIUS SPRINGS

    Plaintiff,

v.                                     Case No. 3:15cv3/MCR/CJK

WALTER L. GIELOW, et al.,

    Defendants.
_____/

ORDER and
REPORT AND RECOMMENDATION

    This matter is before the court on plaintiff's filing of a civil rights complaint under 42 U.S.C. § 1983 (doc. 1). Plaintiff has also filed a motion to consolidate this case with a another case currently pending in this district, Northern District of Florida Case No. 3:14cv105/MCR/EMT ("Case No. 3:14cv105"). (Doc. 2).

    Plaintiff's complaint is 172 pages long and names 71 defendants (doc. 1). Plaintiff alleges defendants identified in Case No. 3:14cv105 and additional defendants named in this complaint continued to physically abuse plaintiff at Santa Rosa Correctional Institution ("Santa Rosa CI") during the pendency of Case No. 3:14cv105. (Doc.1, p. 101-103). Because the complaint names additional defendants who have allegedly harmed plaintiff due to the proceedings in Case No. 3:14cv105, plaintiff argues the cases should be consolidated. (Doc. 2, p. 1-2).

    Plaintiff's motion to consolidate this case with Case No. 3:14cv105 will be denied. Judge Timothy, the United States Magistrate Judge currently assigned to the

case plaintiff seeks consolidation with, has recommended Case No. 3:14cv105 be dismissed without prejudice. *Springs v. Gielow, et al.*, No. 3:14cv105/MCR/EMT, Doc. 82. The recommendation is based on plaintiff's status as a three strike litigant under 28 U.S.C. §1915(g) and his failure to demonstrate that he is under imminent danger of serious physical injury. *Id.* The district court has not adopted or rejected Judge Timothy's recommendation. Since plaintiff is aware a report recommending the dismissal of his suit is pending, (doc. 1, p. 20), and given his experience as a frequent filer, the current motion to consolidate could reasonably be construed as an attempt to circumvent or delay the possible dismissal of his complaint in Case No. 3:14cv105. Additionally, plaintiff has named Judge Timothy as a defendant in the current complaint. Plaintiff alleges Judge Timothy, despite notice of ongoing abuse and retaliation against plaintiff, failed to intervene, thus subjecting plaintiff to more physical harm. (Doc. 1, p. 103, 110). Plaintiff also contends Judge Timothy submitted "false evidentiary hearing reports to [the] District Court." (*Id.*, p. 110). The undersigned would not consolidate a case where Judge Timothy is named as a defendant–even where the allegations will have a very short life expectancy– with a case that Judge Timothy has presided over and issued a Report and Recommendation. For these reasons, denial of the motion to consolidate is warranted.

Upon review of plaintiff's prior litigation history, the undersigned concludes that this action should be dismissed under 28 U.S.C § 1915(g), because plaintiff is, as an abusive litigator, barred from proceeding *in forma pauperis*, and failed to pay the full $400.00 filing fee upon initiation of this case. Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he *initiates* suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

The court takes judicial notice of the following three federal civil actions previously filed by plaintiff, while incarcerated, which were dismissed as frivolous, malicious, or for failure to state a claim: (1) *Springs v. Knight, et al.*, No. 5:08cv366/SPM/MD, 2009 WL 1292079 (N.D. Fla. May 6, 2009) (dismissing, for failure to state a claim, a civil rights complaint plaintiff filed while incarcerated); *Springs v. Vosbrink, et al.*, No. 5:09cv5/SPM/EMT (N.D. Fla. Apr. 9, 2009) (dismissing as malicious civil rights complaint plaintiff filed while incarcerated); *Springs v. Sketo, et al.*, No. 5:09cv155/RS/AK, 2009 WL 1921942 (N.D. Fla. July 2,

2009) (dismissing as frivolous civil rights complaint plaintiff filed while incarcerated). The foregoing cases may be positively identified as having been filed by petitioner Springs, because they bear his Florida Department of Corrections' inmate number, DC# 196079.

Accordingly, plaintiff may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g), *Brown, supra*. Plaintiff alleges he is exposed to such danger by personnel at Santa Rosa CI. (Doc. 1). Plaintiff made similar allegations in the case with which he seeks consolidation, Case No. 3:14cv105. In that case, after holding an evidentiary hearing and considering an extensive amount of evidence, Judge Timothy issued a Report and Recommendation finding that plaintiff's allegations of being under imminent danger of serious physical injury were completely unsubstantiated. *Springs v. Gielow, et al.*, No. 3:14cv105/MCR/EMT, Doc. 82. More importantly, however, is that plaintiff is no longer incarcerated at Santa Rosa CI, the institution where plaintiff's allegations of abuse occurred. Plaintiff was transferred to Union Correctional Institution ("Union CI") in August of 2014. *See* Case No. 3:14cv105, Doc. 95.[1] Plaintiff indicates personnel at Union CI told plaintiff he would not be provided with protective management based on his experiences at Santa Rosa CI. (Doc. 1, p.161-162). Aside from this, plaintiff's complaint contains no allegations concerning how his current incarceration at Union CI has placed him in imminent danger of serious physical injury. Plaintiff does assert that, absent an

---

[1] Review of the Florida Department of Corrections, Corrections Offender Network, Inmate Population Information Detail, confirms plaintiff is currently incarcerated at Union CI. *See* http://www.dc.state.fl.us/ActiveInmates/.

injunction permanently prohibiting his incarceration at Santa Rosa CI, he continues to be in danger because a transfer back to Santa Rosa CI is possible.  (Doc. 1, p. 108, 161-162).  Plaintiff alleges no facts that indicate he will be transferred back to Santa Rosa CI.  Unsupported speculation about a transfer back to Santa Rosa CI cannot satisfy the imminency requirement of the 28 U.S.C. § 1915(g) exception.  *See Owen v. Schwartz*, 519 F. App'x 992, 994 (11th Cir. 2013) ("An allegation of past imminent danger will not invoke the 'imminent danger' exception." (*citing Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999))).  Plaintiff, therefore, is not entitled to *in forma pauperis* status and his complaint should be dismissed without prejudice for failure to pay the $400.00 filing fee at the time he initiated this case.

Accordingly, it is ORDERED:

1.     Plaintiff's motion to consolidate this case with Northern District of Florida Case No. 3:14cv105/MCR/EMT (doc. 2) is DENIED.

And it is respectfully RECOMMENDED, on the motion of the undersigned:

1.     That this action be DISMISSED WITHOUT PREJUDICE because plaintiff did not pay the filing fee at the time he initiated this case and plaintiff is not entitled to be granted *in forma pauperis* status pursuant to 28 U.S.C. 1915(g).

2.     That the clerk be directed to close the file.

At Pensacola, Florida this 13th day of January, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).